# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2630 | **DATE** | September 29, 2011 |
| **CASE TITLE** | Kennado Taylor (#2010-1204047) vs. Lt. Johnson, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions for appointment of new counsel [# 17 & 18] are denied, without prejudice. Plaintiff must proceed *pro se* at this time. The Court again directs plaintiff to clarify in writing, by no later than 10/31/11, whether he intended to file this case as a separate lawsuit or instead intended to file an amended complaint in *Taylor v. Doe*, Case No. 11 C 2016 (N.D. Ill.). In the event plaintiff intends for this to be a separate case and wishes to file an amended complaint in this case, the Court also grants plaintiff's motion to do so [# 21]. Any proposed amended complaint must be filed by the same 10/31/11 deadline. The Clerk is directed to mail plaintiff an amended complaint form. *Plaintiff must use that form if he wishes to file an amended complaint.* The Court will defer ruling on plaintiff's motion for leave to proceed *in forma pauperis* in this case until a determination is made as to whether plaintiff wishes to pursue this as a separate lawsuit.

■ [For further details see text below.]      **Docketing to mail notices.**

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff claims that a jail psychiatrist has failed to provide adequate care for plaintiff's acute psychiatric needs and that a correctional officer used unjustified force against him.
    The Court previously noted that plaintiff had already filed another lawsuit containing the same or similar claims and that it was unclear to the Court whether plaintiff was intending to initiate a new lawsuit or to file an amended complaint in the other case, *Taylor v. Doe*, Case No. 11 C 2016. The Court therefore directed plaintiff to clarify whether he actually intended to file a second, separate lawsuit. (Since then, Plaintiff commenced a **third** lawsuit with seemingly overlapping claims. *See Taylor v. Doe*, Case No. 11 C 5591 (N.D. Ill.). All three cases concern excessive force and denial of psychiatric care.)
    After issuing the order to clarify, but before plaintiff responded to that order, the Court appointed counsel to represent plaintiff in all of his then-pending cases. However, plaintiff had a conflict with *pro bono* counsel and asked the Court, in rather forceful terms, to terminate the lawyer's appointment. It appears from plaintiff's correspondence with the Court that he had a strategic dispute with counsel because counsel spoke with the public defender handling plaintiff's criminal case. It appeared to the Court that appointed counsel was acting reasonably and attempting to avoid creating problems for plaintiff in connection with the criminal case. Nonetheless, the Court was willing to accede to plaintiff's request to terminate his lawyer.
    That does not mean, however, that plaintiff is entitled to new appointed counsel as a matter of right. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). A court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or

| STATEMENT |
|---|

conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted at this time. Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Furthermore, plaintiff's stance vis-a-vis the lawyer the Court previously appointed suggests that plaintiff may be unwilling to allow an attorney to fulfill his or her ethical obligations.

In addition, plaintiff's claimed disabilities are arguably exaggerated. Taking psychotropic drugs does not necessarily give rise to the "exceptional circumstances" noted in *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's observation that "the whole point of taking [medication] is to allow the person taking them to think and act rationally"). A judge in the Central District of Illinois recently found that plaintiff had "not been truthful" in representing that he had a limited ability to read or write. *See Taylor v. Momeng*, Case No. 11-2174 (C.D. Ill.), Order of July 27, 2011 (Mihm, J.). In denying plaintiff's motion for appointment of counsel, Judge Mihm observed that plaintiff had made conflicting statements about the extent of his literacy, had performed legal research, was "very articulate," and that he had demonstrated a clear understanding of his case at a court hearing. *Id.* Plaintiff's ability to file seven lawsuits in federal court since March 2011 further weakens any claim that he does not have the ability to press his cases on his own. *Cf. Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998) ("ability to litigate a denial of access claim is evidence that the plaintiff has no denial of access claim").

For these reasons, the Court denies plaintiff's motion for appointment of new counsel at this time. Should the case proceed to a point that appointment of counsel is appropriate, the Court is willing to revisit the issue.

In sum, the Court directs plaintiff to clarify in writing, by no later than 10/31/11, whether he intended to file this case as a separate lawsuit or instead intended to file an amended complaint in *Taylor v. Doe*, Case No. 11 C 2016 (N.D. Ill.). In the event plaintiff intends for this to be a separate case and wishes to file an amended complaint in this case, the Court also grants plaintiff's motion to do so. Any proposed amended complaint must be filed by the same 10/31/11 deadline. The Court will defer ruling on plaintiff's motion for leave to proceed *in forma pauperis* in this case until it receives plaintiff's amended complaint and a determination is made as to whether plaintiff wishes to pursue multiple lawsuits. The Court also advises plaintiff that it is not a foregone conclusion that he will be able to pursue multiple duplicative or overlapping lawsuits. The Court reserves the right to consolidate separate lawsuits filed by plaintiff if it is legally and factually appropriate to do so.

As a final concern, plaintiff is advised that, in presenting any pleading, motion, or other written document to the Court, he is representing the veracity of that court filing to the best of his knowledge. *See* Fed. R. Civ. P. 11(b). Plaintiff is cautioned to be entirely forthright and truthful in every court submission. Any misrepresentations to the Court may result in the imposition of sanctions, up to and including dismissal of his cases.