# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2630 | **DATE** | November 23, 2011 |
| **CASE TITLE** | Kennado Taylor (#2010-1204047) vs. Lt. Johnson, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.29 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Plaintiff's motion to amend [#21] is granted. However, Dr. Minot and plaintiff's medical/mental health care claim are dismissed on initial review pursuant to Fed. R. Civ. P. 18 and 20 as misjoined. The Clerk is directed to: (1) file the amended complaint [#27]; (2) terminate Dr. Minot as a defendant; (3) issue summonses for service on defendants Johnson and Dart by the U.S. Marshal; and (4) send plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for status [#28] is terminated.

■ [For further details see text below.]  **Docketing to mail notices.**

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that an officer at the jail repeatedly sprayed him with mace or pepper spray for no legitimate reason, and that the County Sheriff has a policy and practice of allowing officers to use unjustified force against detainees who pose no threat. In response to the Court's order dated September 29, 2011, plaintiff has confirmed that this case involves allegations of excessive force unrelated to his other pending lawsuits, and that he wishes to proceed with this separate action.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $1.29. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.

    The Court has reviewed plaintiff's complaint as required by 28 U.S.C. § 1915A. Accepting plaintiff's factual allegations as true for present purposes, the Court concludes that the amended complaint states colorable claims under 42 U.S.C. § 1983. Unjustified force against a pretrial detainee violates the detainee's rights under

**STATEMENT**

the Fourteenth Amendment. *See, e.g., Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). Furthermore, though the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983, *see, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008), Plaintiff may be entitled to redress if the jail's administration condones or turns a blind eye to the abuse of prisoners. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010). Defendants Johnson and Dart must respond to the allegations in the amended complaint.

However, the Court dismisses the amended complaint as to Dr. Minot and as to plaintiff's apparent claim that he has been denied proper mental health care. That claim is not properly joined in this case. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007); Fed. R. Civ. P. 18 and 20. The Court notes that plaintiff already has a separate lawsuit on file regarding the adequacy of the psychiatric care he is receiving at the jail. *See Taylor v. Doe*, Case No. 11 C 5591 (N.D. Ill.). In the present case (No. 11 C 2630), the Court will consider only plaintiff's excessive force claim. Plaintiff may wish to submit a motion to file an amended complaint in Case No. 11 C 5591, naming Dr. Minot as a defendant, if he wishes to pursue his claims against Dr. Minot.

The Clerk shall issue summonses for service of the amended complaint on defendants Johnson and Dart. The United States Marshals Service is appointed to serve defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. If either defendant can no longer be found at the work address provided by plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants (or to defense counsel, once an attorney has entered an appearance on behalf of defendants). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.