UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNADO TAYLOR,<br><br>   Plaintiff,<br><br>  v.<br><br>THOMAS J. DART, Sheriff of Cook County, COOK COUNTY, LT. DESAREE ZENO-JOHNSON, LT. CARLOS GALAN, OFFICER ABRAHAM YASIN, OFFICER JOSEPH MAY, OFFICER ANTHONY SALAMONE, OFFICER ELIOT RIVERA, OFFICER SALON, OFFICER FRANK RAMOS, OFFICER DELPHIA SAWYER, CAPTAIN PAGE, OFFICER NAVARRETTE, OFFICER NAVARRO, OFFICER MAXIMILIANO, OFFICER JOHN CAPERS, DR. MINOT, DR. ANDREA WARD, DR. JONATHAN HOWARD, NURSE MARGARET JONES, DENA WILLIAMS, WILSON, DR. DAVIS, DR. WERNSMAN, DR. DAVID KELNER, and UNKNOWN CORRECTIONAL OFFICERS,<br><br>   Defendants. | Cases No. 11 C 2016<br>No. 11 C 2630<br>No. 11 C 2729<br>No. 11 C 5591<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Sidney I. Schenkier<br><br><br>**JURY DEMAND** |

**CONSOLIDATED COMPLAINT**

Plaintiff Kennado Taylor, for his Consolidated Complaint against Defendants Thomas J. Dart, sheriff of cook county, Cook County, Lt. Desaree Zeno-Johnson, Lt. Carlos Galan, Officer Abraham Yasin, Officer Joseph May, Officer Anthony Salamone, Officer Eliot Rivera, Officer Salon, Officer Frank Ramos, Officer Delphia Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, Officer John Capers, Dr. Minot, Dr. Andrea Ward, Dr. Jonathan Howard, Nurse Margaret Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. David

1

Kelner, and Unknown Correctional Officers in their individual and official capacities, and Thomas J. Dart in his official capacity, by and through his attorneys, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff Kennado Taylor is a thirty-one year old male who suffers mental illness. In 2011, he was a pre-trial detainee confined in the Cook County Jail in Chicago, Illinois. This is a civil action arising out of certain Defendants' use of excessive force upon Mr. Taylor during his detention, Defendants' systematic, repeated, and collective failure to prevent the use of excessive force upon Mr. Taylor, Defendants' collective failure to properly and timely address Mr. Taylor's serious injuries that he sustained at the hands of certain Defendants during his detention, and Defendants' failure to provide timely and competent mental health treatment to Plaintiff. Mr. Taylor brings this action against all the named Defendants individually and against Thomas J. Dart in his official capacities for authorizing and accepting an unconstitutional policy, custom, or practice that allowed the Defendants to violate Mr. Taylor's civil rights. Based on these violations, Mr. Taylor petitions this Court to enforce his rights under 42 U.S.C. § 1983 and State law. Mr. Taylor seeks damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this Consolidated Complaint pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, and, pursuant to 28 U.S.C. § 1343, because Mr. Taylor seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. The Court may also exercise supplemental jurisdiction over Mr. Taylor's state law claims pursuant to 28 U.S.C. §1367(a) because these claims arise out of the same case or controversy as his federal claims.

4. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2), because all events or omissions giving rise to Plaintiff's claims asserted herein occurred in this District.

**PARTIES**

5. At all times relevant to this Consolidated Complaint, Plaintiff Kennado Taylor was a pre-trial detainee at the Cook County Jail in Chicago, Illinois. During that time, he was under the control, care, and custody of the Cook County Department of Corrections. He is thirty-one years old and suffers from mental illness.

6. Defendant Thomas Dart ("Dart") is Sheriff of Cook County. Sheriff Dart oversees the operations of the Cook County Jail and the Cook County Department of Corrections. Defendant Dart is sued in his official capacity.

7. Defendant Cook County is a county of the State of Illinois. Cook County, through the Cook County Sheriff's Office and the Department of Corrections, oversees the Cook County Jail. Cook County operates the Cook County Jail and the pre-trial detainee health service under the name "Cermak Health Services of Cook County." Cook County is the employer of the individual defendants and is liable for any judgments related to its agents and employees pursuant to 745 ILCS 10/2-302.

8. Defendant Lt. Desaree Zeno-Johnson ("Lt. Johnson") is a Correctional Lieutenant is sued in her individual capacity and official capacity.

9. Defendant Lt. Carlos Galan ("Lt. Galan") is a Correctional Lieutenant is sued in his individual capacity and official capacity.

10. Defendant Officer Abraham Yasin ("Officer Yasin") is a Correctional Officer and is sued in his individual capacity and official capacity.

11. Defendant Officer Joseph May ("Officer May") is a Correctional Officer and is sued in his individual capacity and official capacity.

12. Defendant Officer Anthony Salamone ("Officer Salamone") is a Correctional Officer and is sued in his individual capacity and official capacity.

13. Defendant Officer Eliot Rivera ("Officer Rivera") is a Correctional Officer and is sued in his individual capacity and official capacity.

14. Officer Salon's first name is unknown, ("Officer Salon") and he is a Correctional Officer and is sued in his individual capacity and official capacity.

15. Officer Frank Ramos's ("Officer Ramos") is a Correctional Officer and is sued in his individual capacity and official capacity.

16. Officer Delphia Sawyer ("Officer Sawyer") is a Correctional Officer and is sued in her individual capacity and official capacity.

17. Captain Page, first name unknown, ("Captain Page") is a Correctional Officer and is sued in his individual capacity and official capacity.

18. Officer Navarrette, first name unknown, ("Officer Navarrette") is a Correctional Officer and is sued in his individual capacity and official capacity.

19. Officer Navarro, first name unknown, ("Officer Navarro") is a Correctional Officer and is sued in his individual capacity and official capacity.

20. Officer Maximiliano, first name unknown, ("Officer Maximiliano") is a Correctional Officer and is sued in his individual capacity and official capacity.

21. Officer John Capers ("Officer Capers") is a Correctional Officer and is sued in his individual capacity and official capacity.

22. Defendant Dr. Minot, first name unknown, ("Dr. Minot") is a psychiatrist and is sued in her individual capacity and official capacity.

23. Defendant Dr. Andrea Ward ("Dr. Ward") is a psychiatrist and is sued in her individual capacity and official capacity.

24. Defendant Dr. Jonathan Howard ("Dr. Howard") is a psychiatrist and is sued in his individual capacity and official capacity.

25. Defendant Nurse Margaret Jones ("Jones") is a licensed practical nurse and is sued in her individual capacity and official capacity.

26. Defendant Dena Williams, first name unknown, ("Williams") is a psychiatric worker and is sued in her individual capacity and official capacity.

27. Defendant Wilson, first name unknown, ("Wilson") is a psychiatric worker and is sued in her individual capacity and official capacity.

28. Defendant Dr. Davis, first name unknown, ("Dr. Davis") is a medical doctor and is sued in his/her individual capacity and official capacity.

29. Defendant Dr. Wernsman, first name unknown, ("Dr. Wernsman") is a medical doctor and is sued in her individual capacity and official capacity.

30. Defendant Dr. David Kelner ("Dr. Kelner") is a medical doctor and is sued in his individual capacity and official capacity.

31. Defendant Unknown Correctional Officers are employees of Cook County Jail and are sued in their individual capacity and official capacity.

32. Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, Officer Capers, and Unknown Correctional Officers have used excessive force against Mr. Taylor during his detention and have intentionally and unnecessarily inflected physical injuries upon Mr. Taylor. They are sued in their individual and official capacity.

33. Defendants Dr. Minot, Dr. Ward, Dr. Howard, Nurse Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. Kelner are responsible for the failure to respond timely to Mr. Taylor's medical needs, including mental health needs, and for failing to properly diagnose and treat his injuries. These defendants are sued in their individual capacities and official capacity.

34. At all relevant times and in all their actions, the above named Defendants were acting under color of law and pursuant to their authority as prison officials or County employees.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

35. On information and belief, Plaintiff exhausted all possible administrative remedies, to the extent that such exhaustion was required by 42 U.S.C. § 1997e, before filing this suit.

### LAWSUITS FILED

36. This Consolidated Complaint consolidates four of Mr. Taylor's cases—*Taylor v. John Doe et al.*, 11 C 2016; *Taylor v. Johnson et al.*, 11 C 2630; *Taylor v. Officer Yasin et al.*, 11 C 2729; and *Taylor v. Doe et al.*, 11 C 5591.

**ALLEGATIONS OF FACT RELEVANT TO ALL COUNTS**

37.     Kennado Taylor is currently detained at Pontiac Correctional Center. At all times relevant in this Consolidated Complaint, Mr. Taylor was a pretrial detainee in the Cook County Department of Corrections. Mr. Taylor is thirty-one years old and has limited reading and writing abilities. He also has an extensive previous medical history, including treatment for mental illness. He has been clinically evaluated at Cermak Health Center and Cook County Hospital and confirmed to be bipolar, schizophrenic, antisocial, attention deficit hyperactive (ADHD), and epileptic. His medical conditions require that that he regularly receive expensive, psychotropic drugs.

38.     Throughout his detention, Cook County and its individual officers, doctors, and staff denied Mr. Taylor adequate psychiatric and medical care despite his needs and requests to the Individual Defendants.

39.     Throughout his detention, and in part due to his lack of adequate psychiatric and medical care, Mr. Taylor was assaulted and battered by certain Individual Defendants.

40.     Throughout his detention, Mr. Taylor failed to receive adequate medical care for the physical injuries that he sustained after the beatings of certain Individual Defendants.

**The Stairwell Incident**

41.     On or about January 17, 2011, on information and belief, Mr. Taylor was housed in Division II, Third Floor of the Cook County Jail. Two guards, Officers Navarro and Navarette, took Mr. Taylor to get his medication, which was downstairs on the second floor. Because Mr. Taylor prison uniform did not fit properly, his pants were extremely loose and kept falling down. While in the stairwell, before walking down the steps, Mr. Taylor stopped and attempted to adjust his pants to prevent himself from falling down. The guards pushed him and

7

told him to keep moving. Mr. Taylor attempted to hold his pants up with one hand, but the guards grabbed his hands and pushed him forward. When his pants fell to ground again, they yelled at him "Pull up your damn pants." As Mr. Taylor bent down to pull up his pants, the guards pushed him down the stairs.

42. Attempting to protect his head, Mr. Taylor threw his hands over his face and his ribs smashed into the concrete. The two guards then dragged Mr. Taylor the rest of the way down the stairs. They then taunted him, punched him in the face, and kicked him in his already bruised ribs.

43. This incident will be referred to as the "Stairwell Incident."

44. Mr. Taylor was sent to Cook County Hospital for treatment following the Stairwell Incident.

45. Mr. Taylor spent two days in the hospital, suffering injuries to his face, back, ankle, legs, and ribs.

### The Mace Incident

46. On or about January 29, 2011, Mr. Taylor was detained in the Division X Psychiatric Unit. In Division X, Mr. Taylor was denied psychiatric treatment by Dr. Minot, Dr. Ward, Nurse Jones, and Wilson despite suffering from acute mental illnesses. Despite requiring psychiatric care that could not be provided in the Jail outside Division X, Dr. Minot, Dr. Ward, Nurse Jones, and Wilson allowed Mr. Taylor to be transferred to a non psychiatric unit, Division XI.

47. While in Division XI, on or about January 29, 2011, an Unknown Correctional Officer pounded on Mr. Taylor's cell door. After unlocking it, she pointed to the cell door, asking why there was human feces smeared all over it. Mr. Taylor responded that he didn't

8

know whose feces it was but stated that someone was trying to get him in trouble. Moreover, he indicated that it was on the *outside* of the door, not the inside. So, it was not his feces.

48. Without offering him gloves, the Unknown Correctional Officer told Mr. Taylor to clean up the feces. Mr. Taylor refused. He stated that the feces was not his and it was a health hazard to clean it up. Lt. Johnson then shouted "You gonna clean it up Taylor." Mr. Taylor refused. Lt. Johnson then pulled out a can of mace and sprayed Mr. Taylor in the eyes without cause. As Mr. Taylor screamed that it was burning his face, Lt. Johnson continued to spray him a second, third, and fourth time with the mace.

49. Because of certain chemical in the mace, Mr. Taylor began to wheeze. Suffering from asthma, Mr. Taylor became shorter and shorter of breath. While he could still speak, he told the guards that he was an asthmatic, was having a severe asthma attack, and needed his Albuterol medication. Rather than get his medication or call the paramedics on staff, the guards walked him to the elevator. In the elevator, they continued to push Mr. Taylor, telling him that he was just faking. While in the elevator he suffered an epileptic seizure. Mr. Taylor was again admitted to the hospital for serious injuries.

50. This incident will be referred to as the "Mace Incident."

51. The Mace Incident occurred, in part, because Mr. Taylor received inadequate psychiatric care from Dr. Minot, Dr. Andrea Ward, Dr. Jonathan Howard, Nurse Margaret Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. David Kelner, and Unknown Medical Staff. Mr. Taylor has informed each one of these Defendants that he is unable to concentrate or follow orders from the Correctional Officers at times depending on whether or not he is receiving his medication.

52. Due to his condition, Mr. Taylor does not follow orders as quickly as the guards would like and has trouble following directions without the proper medications. The guards then beat Mr. Taylor into submission. Mr. Taylor has also informed the doctors and medical staff of his concern that he is getting beaten because he is being denied psychiatric care and medications. Aware that Mr. Taylor has been beaten for behavior that could be corrected with proper psychiatric and medical treatment, Dr. Minot, Dr. Andrea Ward, Dr. Jonathan Howard, Nurse Margaret Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. David Kelner, and Unknown Medical Staff continued to deny psychiatric and medical care to Mr. Taylor despite his repeated requests. As described below, the beatings continued. And the doctors and psychiatric staff continued to deny him the medical treatment and medications.

## The Attempted Suicides

53. Throughout his detention at Cook County Jail, Mr. Taylor informed Dr. Minot, Dr. Andrea Ward, Dr. Jonathan Howard, Nurse Margaret Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. David Kelner, and Unknown Medical Staff that he was going to kill himself because the Correctional Officers kept physically abusing him and trying to kill him. Mr. Taylor informed the doctors and psychological workers that he was unable to concentrate or take orders from the Correctional Officers without the proper medication. As a direct result, the Correctional Officers would yell at him and beat him until he did as they told.

54. He also informed the doctors, psychiatrists, and staff that he did not feel his psychological medications were working. He kept hearing voices. They did nothing. He told them he was going to kill himself. Williams told him to just go ahead and kill himself already. They eventually transferred him back to the non-psychological unit, Division XI. He was denied

10

his medications and the Correctional Officers continued to beat him for not following their orders quickly enough.

55. At some point, Dr. Minot, Dr. Andrea Ward, Dr. Jonathan Howard, Nurse Margaret Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. David Kelner, either collectively or individually began to deny him psychiatric treatment and medications. Each Defendant knew of Mr. Taylor's medical condition, his requests for treatment and his request to be transferred to the psychiatric division for suicide supervision.

56. Each one of them knew that Mr. Taylor needed a proper regime of medications and supervision. Mr. Taylor informed them that that he was getting beaten when not receiving his medications. He also informed them that he would kill himself. They ignored or denied his requests. And Mr. Taylor suffered because of their indifference. He was tortured by guards and he tortured himself.

57. On January 29, 2011, Mr. Taylor attempted to commit suicide by swallowing glass. He was tired of the shouting, the beatings, and the mace. He succumbed to the voices in his head that told him that anything would be better than the conditions he was currently facing.

58. He was taken to Cook County Hospital for treatment. He remained there for two days.

59. Upon his return, he again petitioned the doctors to place him on the psych ward for an extended period of time. They did not.

60. At various other times, Mr. Taylor cut himself in an attempt to commit suicide and was sent to see Dr. Minot, Dr. Andrea Ward, Dr. Jonathan Howard, Nurse Margaret Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, and Dr. David Kelner.

11

61. Throughout his detention, Mr. Taylor has been placed in perilous conditions and circumstances due to the denial of adequate psychiatric and medical care by Dr. Minot, Dr. Andrea Ward, Dr. Jonathan Howard, Nurse Margaret Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, and Dr. David Kelner.

### The Mop Room Incident

62. On or about March 12, 2011, Officer Yasin and Officer Ramos walked Mr. Taylor to obtain his medication from the nurse's station. While walking behind Mr. Taylor, Officer Ramos pushed him, telling him to hurry up. Mr. Taylor stumbled into Officer Yasin. Enraged, Officer Yasin knocked Mr. Taylor to ground and began to beat him with an unknown object in the back of the head. Officer Yasin began jumping on Mr. Taylor who was sprawled out with his face to the floor. The Officers called for back up and then more guards joined in beating up Mr. Taylor. Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Maximiliano, Officer Capers, and other Unknown Correctional Officers beat Mr. Taylor. Lying prostrate on the ground, Mr. Taylor turned his face from one side to the next as he was kicked in the forehead, mouth, and neck by officers on both sides of him. Officer Yasin also punched him in the mouth.

63. Unable to walk, the guards dragged Mr. Taylor to the elevator to move him to the closest nurse's station. Slumped over in the elevator, the guards continued to kick and jump on Mr. Taylor. When the nurse saw how bloody his face was and how swollen his jaw, the nurse told the guards that Mr. Taylor could not be sent to Cermak Health Center looking like that. She instructed them to "Take him to the Mop Room and clean him up."

64. In the mop room, the guards continued to beat Mr. Taylor, punching him in the face repeatedly. One guard began to choke Mr. Taylor to the point that Mr. Taylor thought he

12

was going to die. He fell to the floor. And again they kicked him and jumped on him. Then, they cleaned the blood off his face and took him to Cermak Health Center.

65. This incident will be referred to as the Mop Room Incident.

66. Mr. Taylor was beaten without justification by Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Maximiliano, Officer Capers, and other Unknown Correctional Officers, causing him serious bodily injuries. On information and belief, some or all of the Mop Room Incident was caught on audio and video tape. Following the Mop Room Incident, Mr. Taylor was denied adequate medical attention for his injuries, despite his requests to Unknown Medical Staff.

**COUNT I**
**Section 1983 Claim for Excessive Force**
(Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, and Unknown Correctional Officers)

67. Mr. Taylor repeats and re-alleges the preceding paragraphs 1-66 as if fully alleged herein.

68. Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, and Unknown Correctional Officers used force against Mr. Taylor that was unnecessary, unreasonable, and excessive. This conduct violated Mr. Taylor's rights under the Fourteenth Amendment.

69. The use of excessive force by Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, and Unknown Correctional Officers was a result of the Sheriff's Office and Cook County's systematic failure to

train, monitor, supervise, investigate and discipline Cook County Department of Corrections personnel, inadequate policies, and systematic failure to enforce those policies.

70. The persistent and widespread use of excessive force by Cook County Department of Corrections personnel constitutes a custom and practice, of which Defendant Dart has actual and constructive notice.

71. Defendant Dart has been deliberately indifferent in failing to remedy the problem. Through their indifference and failure to act, Cook County and the Sheriff's Office policymakers and officials have condoned and encouraged the continued use of excessive levels of force in the Cook County Jail.

72. Defendants' conduct was willful, wanton, malicious and in reckless disregard of Mr. Taylor's rights.

73. Mr. Taylor has been injured by the above named Defendants' use of excessive force and the custom, policy and practice of Defendant Dart of condoning or encouraging the use of excessive force.

## COUNT II
### Section 1983 Claim for Inadequate Access to Medical Care
(Defendants Dr. Minot, Dr. Ward, Dr. Howard, Nurse Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. Kelner and Defendant Dart)

74. Mr. Taylor repeats and re-alleges the preceding paragraphs 1-66 as if fully alleged herein.

75. Defendants Dr. Minot, Dr. Ward, Dr. Howard, Nurse Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, and Dr. Kelner deprived Mr. Taylor of access to adequate medical care in violation of his Fourteenth Amendment rights.

76. Defendants Dr. Minot, Dr. Ward, Dr. Howard, Nurse Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, and Dr. Kelner displayed a deliberate indifference towards the serious medical needs of Mr. Taylor, proximately causing him to suffer damages.

77. On information and belief, Cook County Department of Corrections and Cook County personnel have a custom, policy, or practice, of failing to provide adequate medical care to detainees at the Cook County Jail, including Mr. Taylor.

78. Defendant Dart, on information and belief, has actual and constructive notice of this custom, policy, or practice, and has been deliberately indifferent in failing to remedy the problem.

79. Defendants Dr. Minot, Dr. Ward, Dr. Howard, Nurse Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, and Dr. Kelner's conduct was willful, wanton, malicious and in reckless disregard of Mr. Taylor's rights.

80. Mr. Taylor has suffered injuries as a result of the actions and omissions of Defendants.

**COUNT III**
**Assault**
(Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, Officer Capers, and Unknown Correctional Officers)

81. Mr. Taylor repeats and re-alleges the preceding paragraphs 1-66 as if fully alleged herein.

82. In acting in the manner described above, Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, Officer Capers, and Unknown Correctional Officers intentionally and unlawfully offered to commit

corporal injury on Mr. Taylor by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril.

83. Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, Officer Capers, and Unknown Correctional Officers had the apparent present ability to effectuate the attempt if not prevented.

84. Defendants' conduct was willful, wanton, malicious and in reckless disregard of Mr. Taylor's rights.

85. Mr. Taylor has been injured by Defendants Lt. Zeno-Johnson's, Lt. Galan's, Officer Yasin's, Officer May's, Officer Salamone's, Officer Rivera's, Officer Salon's, Officer Ramos', Officer Sawyer's, Captain Page's, Officer Navarrette's, Officer Navarro's, Officer Maximiliano's, Officer Capers', and Unknown Correctional Officers' conduct.

## COUNT IV
### Battery
(Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, Officer Capers and Unknown Correctional Officers)

86. Mr. Taylor repeats and re-alleges the preceding paragraphs 1-66 as if fully alleged herein.

87. In acting in the manner described above, without need or provocation, Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, Officer Capers, and Unknown Correctional Officers willfully touched Mr. Taylor without his consent.

16

88. The foregoing acts of Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, Officer Capers, and Unknown Correctional Officers constituted the tort of battery under the law of Illinois.

89. Defendants Lt. Zeno-Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Navarrette, Officer Navarro, Officer Maximiliano, and Officer Capers' conduct was willful, wanton, malicious and in reckless disregard of Mr. Taylor's rights.

90. Mr. Taylor was injured by Defendants Lt. Zeno-Johnson's, Lt. Galan's, Officer Yasin's, Officer May's, Officer Salamone's, Officer Rivera's, Officer Salon's, Officer Ramos', Officer Sawyer's, Captain Page's, Officer Navarrette's, Officer Navarro's, Officer Maximiliano's, Officer Capers', and Unknown Correctional Officers' conduct.

## COUNT V
### Statutory Indemnification
### (Against Cook County)

91. Mr. Taylor repeats and re-alleges the preceding paragraphs as if fully alleged herein.

92. Pursuant to 745 ILCS 10/2-302 and 745 ILCS 10/9-102, Defendant Cook County is empowered and directed to pay any tort judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently-elected Cook County officer, such as Defendant Dart or his deputies acting within the scope of their employment, is found liable.

93. All of the actions and omissions of the named Individual Defendants, as detailed above, were taken within the scope of employment by Cook County.

94. Defendant Cook County is therefore required to indemnify any judgment awarded in this case against any of the other named Defendants.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Kennado Taylor requests that the Court issue the following relief:

    A.    That the Court issue a declaratory judgment stating that:

        1.    Defendants Lt. Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Maximiliano, Officer Capers, and other Unknown Correctional Officers subjected Plaintiff to excessive force, Defendant Dart had a policy in place that condoned such force, and such use of excessive force violated Mr. Taylor's rights under the United States Constitution and state law;

        2.    Defendants Dr. Minot, Dr. Ward, Dr. Howard, Nurse Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. Kelner denied Plaintiff access to medical care, Defendant Dart had a policy in place that condoned such lack of access to medical care, and such lack of access to medical care violated Mr. Taylor's rights under the United States Constitution and state law;

        3.    The threats of physical abuse to Mr. Taylor by Defendants Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Maximiliano, Officer Capers, and other Unknown Correctional Officers constituted the tort of assault under state law;

        4.    The physical abuse to Mr. Taylor by Defendants Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Maximiliano, Officer Capers, and other Unknown Correctional Officers constituted a battery under state law;

        5.    Cook County is required to indemnify any judgment awarded in this case against any of the named Defendants;

    B.    That compensatory damages be awarded to Mr. Taylor, in an amount to be determined at trial, as follows:

    1. Against Defendants Lt. Johnson, Lt. Galan, Officer Yasin, Officer May, Officer Salamone, Officer Rivera, Officer Salon, Officer Ramos, Officer Sawyer, Captain Page, Officer Maximiliano, Officer Capers, and other Unknown Correctional Officers for the injuries sustained as a result of the excessive force, assault, and battery on Mr. Taylor;

    2. Against Defendants Dr. Minot, Dr. Ward, Dr. Howard, Nurse Jones, Dena Williams, Wilson, Dr. Davis, Dr. Wernsman, Dr. Kelner as a result of their denial of access to medical care to Mr. Taylor;

    3. Against Defendant Dart for failure to supervise his agents to curb prisoner abuse; and

    4. Such other and further compensatory damages as this Court or the trier of fact may deem to be just and proper;

C. That punitive damages be awarded to Mr. Taylor, in an amount to be determined at trial, against all Defendants for repeated, willful and intentional violations of Mr. Taylor's rights;

D. That Defendants are ordered to pay Mr. Taylor's costs and reasonable attorneys' fees; and

E. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Kennado Taylor hereby demands a trial by jury in this matter.

Dated: May 1, 2012

    Respectfully submitted,

    s/ Stephen J. Landes
    Stephen J. Landes
    Colin Patrick O'Donovan
    EDWARDS WILDMAN PALMER LLP
    225 West Wacker Drive
    Chicago, IL 60606
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that, on May 1, 2012 the undersigned attorney caused a true and correct copy of the foregoing CONSOLIDATED COMPLAINT was served via the Court's CM/ECF electronic filing system, and thereby served upon counsel for all parties:

/s/ Colin Patrick O'Donovan
One of the attorneys for Plaintiff